FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 07 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DICKIE POLLARD, Individually and on
Behalf of All Others Similarly Situated**                            PLAINTIFF

vs.                              No. 4:18-cv-*907-KGB*

**HANK'S FURNITURE, INC.** This case assigned to District Judge *Baker* **DEFENDANTS**
**and HANK BROWNE**            and to Magistrate Judge *Harris*

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Dickie Pollard, individually and on behalf of all others similarly situated ("Plaintiff"), by and through his attorneys Allison Koile, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendants Hank's Furniture, Inc. ("Hank's"), and Hank Browne ("Browne"), and in support thereof, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      This complaint includes a class action and a collective action brought by Plaintiff, individually and on behalf of all furniture salespersons employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's

failure to pay Plaintiff and all others similarly situated overtime and minimum wage compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek, and for those hours Plaintiff and all others similarly situated worked off the clock.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4.      Further, Plaintiff individually brings this action pursuant to Americans with Disabilities Act of 1990 ("ADA") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq. ("ACRA"), for declaratory judgment, compensatory damages and costs, including a reasonable attorney's fee.

5.      A related action against Defendants was previously prosecuted in *Sherry Dandison, et. al. v. Hank's Furniture, Inc.,* 4:15-cv-62-DPM, U.S.D.C. (E.D. Ark.) for similar allegations of violations of the FLSA and AMWA.

## II.   JURISDICTION AND VENUE

6.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and ADA.

7.      This complaint also alleges AMWA and ACRA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims and Pollard's individual ACRA claims pursuant to 28 U.S.C. § 1367(a).

8.    The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.    Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

10.    The witnesses to the overtime wage violations and discrimination alleged in the Complaint reside in this District.

### III.    THE PARTIES

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Plaintiff is a citizen and resident of Pulaski County and was formerly employed as a furniture salesperson for Defendants at their store located at 5704 Warden Road, North Little Rock, Arkansas 72120, which is a furniture store.

13.    At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

14.    At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

15.    At all times relevant herein, Plaintiff Pollard has been entitled to the rights, protections and benefits provided under the ADA and ACRA.

16.    Defendants are an "employer" within the meanings set forth in the FLSA, AMWA, ADA and ACRA and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers, as well as the employers of the members of the class and collective.

17.     At all times relevant herein, Separate Defendant Hank's Furniture, Inc., has been a domestic for-profit corporation, created and existing under and by virtue of the laws of the State of Arkansas, with a principal place of business in Pulaski County, Arkansas.

18.     Separate Defendant Hank's Furniture, Inc.'s registered agent for service is Jennifer Browne, 5708 Warden Road, North Little Rock, Arkansas 72120.

19.     Separate Defendant Hank Browne owns and operates Hank's Furniture, Inc.

20.     Browne is a citizen and resident of the state of Arkansas.

21.     Browne was at all times relevant hereto Plaintiff's employer and the employer of all others similarly situated.

22.     Browne, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

23.     Separate Defendants Hank's Furniture, Inc. and Hank Browne acted jointly as the employer of Plaintiff and all others similarly situated.

24.     At all relevant times herein, Defendants were the "employer" of Plaintiff and all others similarly situated within the meaning of all applicable federal statutes and implementing regulations, including the ADA, ACRA, FLSA and AMWA.

25.     Defendants employed fifteen (15) or more employees for each working day during each of twenty or more calendar workweeks in the year of the wrongful acts (2017) or the preceding year (2016), combined.

26.    During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.    At all relevant times, Defendants' gross volume of sales made or business done has exceeded $500,000.00 per year.

## IV.    FACTUAL ALLEGATIONS

28.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

29.    Defendants own and operate several furniture stores throughout Arkansas and the surrounding states.

30.    Plaintiff and other salespersons were paid an hourly rate by Defendants.

31.    Plaintiff and other salespersons worked more than forty (40) hours in most workweeks.

32.    Defendants routinely scheduled Plaintiff and other salespersons to work more than forty (40) hours in a single workweek.

33.    It was Defendants' commonly applied practice to not pay Plaintiff and other salespersons for all of the hours during which they were performing labor for Defendants.

34.    Defendants had a practice of not paying Plaintiff and other salespersons one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

35.    Plaintiff and other salespersons were regularly required to attend sales meetings and other trainings for which they were not compensated.

36.    At all relevant times herein, Defendants deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

37.    Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and all others similarly situated violated the FLSA and the AMWA.

38.    Defendants violated 42 U.S.C. §12101 by taking unlawful steps of interfering with, restraining or denying the exercise of or the attempt to exercise, Plaintiff Pollard's rights under the ADA.

39.    Defendants offered no reasonable accommodations to Plaintiff Pollard, in direct violation of the ADA, up to and including, alternative job assignments, use of an electric scooter or other mobility aid.

40.    As such, Plaintiff Pollard was improperly denied reasonable accommodations, and he was ultimately terminated because of his disability.

41.    Plaintiff Pollard was hired by Defendants on or about September 4, 2012, as a furniture salesman at Hank's Furniture in North Little Rock.

42.    Defendants were aware that Mr. Pollard had Parkinson's Disease immediately upon his hire, and that he would occasionally experience complications due to his disability.

43.    Plaintiff maintained his employment throughout the time period in question.

44.    Plaintiff continued to seek medical treatment for his medical condition during all times in question.

45.     In June or July of 2017, Plaintiff was prescribed a walking cane to help his stability while at work.

46.     On or about August 31, 2017, Plaintiff was terminated from his position with Defendants due to his use of a walking cane.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

47.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

48.     Plaintiff bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49.     Plaintiff brings his FLSA claim on behalf of all other salespersons employed by Defendant at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

50.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

51.    The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

52.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were paid hourly rates;

B.    They recorded their time in the same manner; and

C.    They were subject to Defendants' common practice not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

53.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

54.    Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.    AMWA Rule 23 Class

55.    Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     Plaintiff proposes to represent the class of hourly-paid salespersons who are/were employed by Defendants within the relevant time period within the State of Arkansas.

57.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

58.     Common questions of law and fact predominate over any questions affecting only the individually named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

59.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

60.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

61.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

62.    Concentrating the litigation in this forum is highly desirable because Defendant does business in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

63.    No difficulties are likely to be encountered in the management of the class.

64.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as a salesperson and was paid an hourly wage for Defendants and experienced the same violations of the AMWA that all other class members suffered.

65.    Plaintiff and his counsel will fairly and adequately protect the interests of the class.

66.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

67.    Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, establishing incompatible standards of conduct for Defendants.

**VI.    FACTUAL ALLEGATIONS – INDIVIDUAL ADA and ACRA CLAIMS**

68.    Plaintiff Pollard repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

69.    Defendants violated 42 U.S.C. §12101 by taking unlawful steps of interfering with, restraining or denying the exercise of or the attempt to exercise, Plaintiff Pollard's rights under the ADA.

70.     Defendants offered no reasonable accommodations to Plaintiff Pollard, in direct violation of the ADA, up to and including, alternative job assignments, use of an electric scooter or other mobility aid.

71.     As such, Plaintiff Pollard was improperly denied reasonable accommodations, and he was ultimately terminated because of his disability.

72.     Plaintiff Pollard was hired by Defendants on or about September 4, 2012, as a furniture salesman at Hank's Furniture in North Little Rock, Arkansas.

73.     Defendants were aware that Mr. Pollard had Parkinson's Disease immediately upon his hire, and that he would occasionally experience complications due to his disability.

74.     Pollard maintained his employment throughout the time period in question.

75.     Pollard continued to seek medical treatment for his medical condition during all times in question.

76.     In June or July of 2017, Pollard was prescribed a walking cane to help his stability while at work.

77.     On or about August 31, 2017, Pollard was terminated from his position with Defendants due to his need for reasonable accommodations for his disability in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq. ("ACRA").

### VII. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

78.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

79.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

80.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

81.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

82.   29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

83.   Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

84.   Defendants' failure to pay Plaintiff overtime wages owed was willful, intentional, unreasonable, arbitrary and in bad faith.

85.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the past three (3) years.

86.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

87.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

88.    Plaintiff brings this collective action on behalf of all other salespersons employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

89.    Plaintiff brings this action on behalf of themselves and all other salespersons, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

90.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

91.    Like Plaintiff, other salespersons regularly worked more than forty (40) hours in a week.

92.    Defendants failed to pay these salespersons, assistant managers and managers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

93.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

94.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

95.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

96.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.     THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

97.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

98.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

99.     At all times relevant herein, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

100.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

101.     Defendants failed to pay Plaintiff a proper overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

102.     Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

103.    Defendants' conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

104.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

105.    Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## X.    FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

106.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

107.    Plaintiff, individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

108.    At all relevant times, Defendants have been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

109.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

110.    Defendants classified Plaintiff and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

111.    Despite the entitlement of Plaintiff and the members of the proposed class to overtime payments under the AMWA, Defendants failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) per workweek.

112.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid salespersons in Arkansas
within the past three years.**

113.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

114.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

115.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI. FIFTH CLAIM FOR RELIEF
### (Individual Claims for Violations of the ADA)

116.    Plaintiff Pollard repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

117.   On or about February 13, 2018, Pollard filed a charge with the EEOC alleging violations of Title I of the ADA and retaliation by Defendants

118.   Pollard received a Notice of Rights Letter on September 14, 2018. All conditions precedent to the institution of this lawsuit have been fulfilled.

119.   Defendants engaged in unlawful employment practices in North Little Rock, Arkansas, in violation Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

120.   Specifically, Defendants retaliated against Pollard for requesting reasonable accommodations under the ADA.

121.   The effect of the practices complained of above have been to deprive Pollard of equal employment opportunities and otherwise adversely affect his status as an employee.

122.   The unlawful practices complained of above were and are intentional.

123.   The unlawful practices complaint of above were done with reckless indifference to the federally protected rights of Pollard.

124.   Pursuant to the ADA, Plaintiff Pollard is entitled to, and he seeks, an additional amount of liquidated damages equal to the sum of his lost wages or salary benefits and/or other compensation denied or less to him by reason of Defendants' violations of the ADA, plus any interest he is entitled for these causes, because Defendants' violations were not in good faith ad Defendants had no reasonable grounds for believing that its actions were not in violation of the ADA.

## XII.   SIXTH CAUSE OF ACTION
### (Individual Claim for Violation of the ACRA Anti-Discrimination Provisions)

125.   Plaintiff Pollard repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

126.    Pollard brings this action against Defendants under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq. ("ACRA").

127.    At all relevant times, Pollard was an "employee" within the meaning of ACRA.

128.    At all relevant times, Defendant was the "employer" of Pollard within the meaning of ACRA.

129.    Defendants intentionally discriminated against Pollard based on his disability or perceived disability in violation of A.C.A. § 16-123-108.

130.    Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

131.    As more fully described hereinabove, Defendants, through their agents and employees, including Pollard's supervisor(s), discriminated against Pollard with respect to the terms, conditions, and privileges of employment.

132.    As a result of Defendants' violations of the ACRA, Pollard seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## XIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Barbara Bates, Mary Johnston and Angela Slaughter respectfully pray that Defendant be summoned to appear and to answer herein as follows:

B.      That Defendants be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

C.    A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 et seq.;

D.    A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations

E.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F.    Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 et seq.;

G.    Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

I.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.    An order directing Defendants to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action;

K.    A declaratory judgment in favor of Plaintiff Pollard, decreeing that his federally protected rights have been violated under the ADA and the relating regulations;

L.    A declaratory judgment in favor of Plaintiff Pollard, decreeing that his civil rights have been violated under the ACRA and the relating regulations;

M.    Judgment for interest and liquidated damages as that term is defined in 29 U.S.C.

§ 2617, reasonable attorneys' fees, costs of action and other relief as this Court deems

appropriate, including reinstatement and/or an appropriate award of front pay; and

N.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF DICKIE POLLARD,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DICKIE POLLARD, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:18-cv-*907-KGB*

**HANK'S FURNITURE, INC.,**                                    **DEFENDANTS**
 **and HANK BROWNE**

## CONSENT TO JOIN COLLECTIVE ACTION

        I was employed as an hourly salesperson for Defendants Hank's Furniture, Inc.,
and Hank Browne, on or after December 7, 2015 and worked in excess of forty (40)
hours per week. I understand this lawsuit is being brought under the Fair Labor
Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff
in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any
settlement of this action or adjudication by the Court.
        I declare under penalty of perjury that the foregoing is true and correct.

                                                              _Dickie Pollard_
                                                    **DICKIE POLLARD**

        Date: December 7, 2018



EXHIBIT
A